### REISCHMANN CO. v. MULVIHILL.

(Supreme Court, Appellate Term.   June 21, 1912.)

INTERPLEADER (§ 12*)—ADVERSE CLAIM—DEFENSES.

Where, in a suit for cartage furnished defendant, an officer, in aid of a levy under execution, it appeared that the judgment debtor had approved the charge and voluntarily made payment to defendant, who refused to pay over the amount to plaintiff, defendant, having elected to defend, and not having paid the money into court, as authorized by Municipal Court Act (Laws 1902, c. 580) § 187, could not defeat a recovery because the judgment debtor was also claiming the money from him.

[Ed. Note.—For other cases, see Interpleader, Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Reischmann Company against Matthew F. Mulvihill. From a judgment for plaintiff for less than the relief demanded, it appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Chas. De Hart Brower, of New York City, for appellant.

Benjamin Berger, of New York City, for respondent.

BIJUR, J. The point raised on this appeal is that plaintiff is entitled to $25 for cartage furnished, at the request or with the approval of defendant, a marshal, in aid of a levy under an execution, and that the judgment debtor approved the charge and voluntarily made the payment to the defendant, who refused to turn it over to the plaintiff.

The defense—somewhat confused by disingenuous calculations made by the defendant—is merely that the judgment debtor makes a claim upon the defendant for the same amount. Under such circumstances, defendant might appropriately, under section 187 of the Municipal Court Act (Laws 1902, c. 580), have procured an order permitting him to pay the money into court. He has, however, preferred to test the issues on the merits, and, as these are plainly against him, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.